UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

2004 DEC 10 P 4:55

MAGISTRATE JUDGE _____

04-12595 RGS

STEPHEN WALSH )
    Plaintiff )
 )
 )   Civil Action
V. )
 )
 )   No. _____
 )
WOODS HOLE, MARTHA'S VINEYARD )
AND NANTUCKET STEAMSHIP )
AUTHORITY )
    Defendant )
 )

RECEIPT # _____
AMOUNT $ 60
SUMMONS ISSUED YES
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. Tom
DATE 12/13/04

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

### General Factual Allegations

1.   The Plaintiff, Stephen Walsh, is a resident of East Falmouth, County of Barnstable, Commonwealth of Massachusetts.

2.   The Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, is a body politic, created by the laws of the Commonwealth of Massachusetts with the authority to sue and be sued as a separate legal entity

3.   On or about December 15, 2001, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authrority, was doing business within the Commonwealth of Massachusetts.

4.   On or about December 15, 2001, the Plaintiff, Stephen Walsh, was employed by the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authrority

5. On or about December 15, 2001, the Plaintiff, Stephen Walsh, was employed by the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authrority, as a seaman, and a member of the crew of the M/V EAGLE.

6. On or about December 15, 2001, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authrority, owned the M/V EAGLE.

7. The Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authrority, chartered the M/V EAGLE from some other person or entity such that on or about December 15, 2001 the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authrority was the owner pro hac vice of the M/V EAGLE.

8. On or about December 15, 2001, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authrority, operated the M/V EAGLE.

9. On or about December 15, 2001, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authrority, or the Defendant's agents, servants, and/or employees, controlled the M/V EAGLE.

10. On or about December 15, 2001, the M/V EAGLE was in navigable waters.

11. On or about December 15, 2001, while in the in the performance of his duties in the service of the M/V EAGLE, the Plaintiff, Stephen Walsh, sustained personal injuries.

12. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, Stephen Walsh, was exercising due care.

### Jurisdiction

13. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §688 et. seq.

2

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, and 28 U.S.C. §1333.

## COUNT I

### Stephen Walsh v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authrority

### (JONES ACT NEGLIGENCE)

15. The Plaintiff, Stephen Walsh, reiterates the allegations set forth in paragraphs 1 through 14 above.

16. The personal injuries sustained by the Plaintiff, Stephen Walsh, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17. As a result of said injuries, the Plaintiff, Stephen Walsh, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Stephen Walsh, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authrority, in an amount to be determined by a jury together with interest and costs.

## COUNT II

### Stephen Walsh v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authrority

### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

19. The Plaintiff, Stephen Walsh, reiterates the allegations set forth in paragraphs 1

through 14 above.

20. The personal injuries sustained by the Plaintiff, Stephen Walsh, were due to no fault of his, but were caused by the Unseaworthiness of the M/V EAGLE.

21. As a result of said injuries, the Plaintiff, Stephen Walsh has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Stephen Walsh, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authrority, in an amount to be determined by a jury together with interest and costs.

## **COUNT III**

**Stephen Walsh v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authrority**

**(GENERAL MARITIME LAW - MAINTENANCE and CURE)**

23. The Plaintiff, Stephen Walsh, reiterates all of the allegations set forth in Paragraphs 1 through 14 above.

24. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Stephen Walsh, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, Stephen Walsh, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authrority, in the amount $50,000for maintenance and cure, together with costs and interest.

## COUNT IV

### Stephen Walsh vs. Woods Hole, Martha's Vineyard and Nantucket Steamship Authrority

#### (GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE and CURE)

25. The Plaintiff, Stephen Walsh, reiterates the allegations set forth in paragraphs 1 through 14 above.

26. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Stephen Walsh, has incurred and will continue to incur expenses for his maintenance and cure.

27. The Plaintiff, Stephen Walsh, has made demand upon the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authrority, for the provision of maintenance and cure.

28. The Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authrority, has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

29. As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical and hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Stephen Walsh, demands judgment against the Defendant,

Woods Hole, Martha's Vineyard and Nantucket Steamship Authrority, in the amount of one hundred thousand dollars as compensatory damages for failure to pay maintenance and cure, together with costs, interest, and reasonable attorneys fees.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

RAISED IN COUNTS, I, II, III AND IV.

Respectfully submitted for the
the Plaintiff, Stephen Walsh,
by his attorney,

David F. Anderson, BBO 560994
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: 12/10/04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) <u>Steven Walsh vs Woods Hole, Martha's Vineyard and Nantucket Steamship Authority.</u>

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do <u>all</u> of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do <u>all</u> of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME <u>Dave F. Anderson</u>
ADDRESS <u>30-31 Union Wharf, Boston, MA 02109</u>
TELEPHONE NO. <u>617-523-1000</u>

(Coversheetlocal[1].wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
STEVEN WALSH

### DEFENDANTS
WOODS HOLE, MARTHA'S VINEYARD AND NANTUKET STEAMSHIP AUTHORITY

(b) County of Residence of First Listed Plaintiff **Barnstable**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Barnstable**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David F. Anderson, Latti & Anderson LLP, 30-31 Union Wharf, Boston, MA 02109, (617) 523-1000

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [X] 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 820 Copyrights / ☐ 830 Patent / ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / PERSONAL PROPERTY / ☐ 370 Other Fraud / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | Habeas Corpus: ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Jones Act 46 USC 688 et seq, & General Maritime Law.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 150,000
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): NONE
JUDGE
DOCKET NUMBER

DATE: 12-10-04
SIGNATURE OF ATTORNEY OF RECORD *[signature]*