UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN WALSH )<br>    Plaintiff )<br> )<br>V. )<br> )<br>WOODS HOLE, MARTHA'S VINEYARD )<br>AND NANTUCKET STEAMSHIP )<br>AUTHORITY )<br>    Defendant )<br> ) | Civil Action<br>Civil Action No. 04-12595-RGS |

PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND
RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

    Now comes the Plaintiff in the above captioned matter and respectfully requests that pursuant to F.R.Civ.P. 37 that this Honorable Court issue and Order compelling the Defendant to answer interrogatories and requests for production of documents served upon the Defendant by the Plaintiff.  As grounds thereof the Plaintiff states as follows:

1.     On June 13, 2005 the Plaintiff served upon the Defendant a set of interrogatories and requests for production of documents copies of which are attached hereto as Ex. "A" and Ex. "B".

2.    On or about July 1, 2005 Defense counsel requested and received an extension to answer interrogatories and respond to request for production of documents.  Pursuant to this extension, Defendant agreed to answer interrogatories and produce documents by or before August 14, 2005.  See, E-Mail Dated 7/1/05

3.    On August 4, 2005 Defendant filed a motion to compel discovery against Plaintiff.

4.	On August 18, 2005, Plaintiff's counsel conferred regarding Defendant's outstanding discovery response.  Defense counsel indicated that Defendant would not produce the outstanding discovery this week as previously agreed.

5.	To date the Defendant has not served answers to interrogatories, produced any documents or otherwise served a formal response to Plaintiff's discovery requests.

WHEREFORE, the Plaintiff respectfully requests that that this Honorable Court enter an Order compelling the Defendant to answer all interrogatories questions set forth in Exhibit "A" and produce all Documents requested in Exhibit "B" within 7 days.

Respectfully submitted for the
the Plaintiff, Stephen Walsh,
by his attorney,


/s/ David F. Anderson
David F. Anderson, BBO 560994
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000


Dated:  8-19-05

CERTIFICATE OF ELECTRONIC SERVICE

      I hereby certify that on the above date, I electronically filed the above pleading with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to the following:

Thomas Muzyka
Kenneth M. Chiarello
Clinton & Muzyka, P.C.
One Washington Mall, Suite 1400
Boston, MA 02108

                                          /s/ David F. Anderson
                                          David F. Anderson

Local Rule 7.1 Certificate

      I certify that pursuant to Local Rule 7.1 I conferred with defense counsel in an attempt to resolve this discovery dispute and that such conference was not successful.

                                          /s/ David F. Anderson
                                          David F. Anderson

EXHIBIT
A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN WALSH, ) | |
|     Plaintiff ) | |
| ) | CIVIL ACTION |
| VS. ) | NO: 04-12595-RGS |
| ) | |
| WOODS HOLE, MARTHA'S ) | |
| VINEYARD & NANTUCKET ) | |
| STEAMSHIP AUTHORITY, ) | |
|     Defendant ) | |

**INTEROGATORRIES PROPOUNDED BY PLAINTIFF TO BE ANSWERED UNDER OATH BY DEFENDANT**

I.  DEFINITIONS

For the purpose of this discovery request the following terms set forth in sub-paragraphs i - ix below, shall have the following meanings:

    i.    Communication.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

    ii.    Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed.R.Civ.P. 34(a) and is defined as including without limitation, "writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary by the respondent through detection devices into reasonably usable form". Fed.R.Civ.P. 34(a) A draft or non-identical copy is a separate document within the meaning of this term.

    iii.    Identify (with respect to persons). When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, present and last known telephone number, and when referring to a natural person, the last known place of employment. Once a person has been identified in accordance with this subparagraph iii., only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

    iv.    Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the: A) type of document; B) general subject

1

        matter; C) date of the document; D) author(s), addressee(s), recipients(s); and E) the present location of the identified document.

v. <u>Parties</u>. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, it's officers, directors, employees, agents, partners, corporate parent, subsidiaries, or affiliates. To the extent that there are more than one Defendant party to this action, the term "Defendant" means the Defendant answering these interrogatory questions.

vi. <u>Person</u>. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

vii. <u>Concerning.</u> The term "concerning" means referring to, describing, evidencing, or constituting.

vii. <u>State the Basis.</u> When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall: A) identify each and every document (and, where pertinent, the section, article, or subparagraph thereof) which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory; B) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory; C) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and D) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

viii <u>Vessel</u>. The term "vessel" shall mean the M/V EAGLE

ix. <u>Alleged Incident</u>. The term "alleged incident" shall mean the incidents alleged by the Plaintiff in the Plaintiff's Complaint.

II. <u>REQUIREMENT TO SUPPLEMENT DEFENDANT'S INTERROGATORY RESPONSES</u>

    To the extent required by Fed.R.Civ.P. 26(2) the Defendant is under a duty to amend prior response to an interrogatory if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been

made known to the Plaintiff during the discovery process or in writing.

III.     INTERROGATORY QUESTIONS

1.   Please respond to the applicable question below:

   a.   If the Defendant is a <u>natural person,</u> please state the Defendants full name, residential address, and business address.

   b.   If the Defendant is a <u>publicly traded corporation,</u> please state the exact corporate name, the state of incorporation, the Defendant corporation's address; and identify all officers, directors and any parent or subsidiary corporations.

   c.   If the Defendant is a <u>privately held corporation</u> which is not publicly traded, please state the exact corporate name, the state of incorporation, the Defendant corporation's address; and identify all officers, directors, and shareholders of the Defendant corporation and any parent or subsidiary corporations.

   d.   If the Defendant is a <u>partnership</u> (including limited partnerships and limited liability partnerships), please state the exact partnership name, the business address of the partnership and the full name and residential address of each partner.

   e.   If the Defendant is not a natural person, a corporation or a partnership, please describe the type of entity the Defendant is, and identify all executive officers of the Defendant's organization.

2.   With respect to the vessels named in the Plaintiff's Complaint, please identify, as of the date of the alleged incident : A) the owner of said vessel, B) the operator of said vessel, C) the controller of said vessel, and D) The charterer (if any) of said vessel.

3.   Based upon information the Defendant has acquired either directly or through communications with its agents, servants, employees, investigators, adjusters, legal representative, the Plaintiff, and/or any other person, please describe in detail the Defendant's understanding of how the alleged incident occurred, setting forth the date, location, time, weather conditions, sequence of events, and the cause (or causes) of said incidents.

4.   Identify all log entries, Coast Guard reports, accident reports, injury reports, captain's reports, reports of crew members, investigative reports or any other communications, writings or reports concerning the alleged incident, stating whether said report or writing was prepared in anticipation of litigation as defined by Fed.R.Civ.P. 26(B)(3).

> *In responding to this interrogatory please use the definition of the word "identify" as set forth in paragraph iv of the <u>Definitions</u> section of these interrogatories.*

5. Identify all officers, members, of the crew, and passengers of the Defendant's vessel at the time of the alleged incident, also including within your answer, the capacity in which each officer, crew member or passenger was aboard the vessel (i.e. Captain, Mate, Cook, passenger, etc.), and whether the individual witnessed the alleged incident.

   > *In responding to this interrogatory please use the definition of the word "identify" set forth in paragraph iii of the <u>Definitions</u> section of these interrogatories.*

6. Please itemize all payments of maintenance & cure benefits paid by, or on behalf of the Defendant, to, or on behalf of, the Plaintiff, setting forth the date of each payment, the amount of each payment, and to whom each payment was made.

7. If the Defendant has not provided maintenance & cure benefits, if the Defendant has delayed provision of maintenance & cure benefits for more than thirty days after a request for benefits was made, or if the Defendant has discontinued such provision of maintenance & cure benefits, please state the basis upon which the Defendant relies for its failure to provide maintenance & cure, its delay in providing maintenance & cure and/or its discontinuance of the said maintenance and cure benefits.

8. If Defendant was not present at the time of the alleged incident, please state A) whether Defendant had notice or knowledge of said alleged incident, and B) when, where, in what manner and from whom such notice or knowledge of the alleged incident was received or acquired.

9. Identify any communications, statements and/or admissions <u>made by the Plaintiff</u> to anyone concerning 1) the alleged incident; 2) the injuries alleged in plaintiff's complaint; and/or 3) the damages alleged in plaintiff's complaint. Please include within your answer:

   a. The date said communication was made;

   b. The name, address and telephone number of the person to whom said communication was made;

   c. The location where said communication was made;

   d. The name, address and telephone number of each person present at the time said communication was made;

   e. The precise contents of the communication, statement or admission, and if not known, the substance of said communication statement or admission;

  f. If said communication was written, recorded, or transcribed, please state the present location of said writing or transcription.

10. Identify all written reports, recorded conversations, and/or statements (signed or unsigned), and all memoranda of statements, made by any person at any time, relating to: 1) alleged incident; 2) the cause of the alleged incident; 3) the Plaintiff's alleged injuries; and/or 4) the Plaintiff's alleged damages.
  *In responding to this interrogatory please use the definition of the word "identify" set forth in paragraph iv of the <u>Definitions</u> section of these interrogatories.*

11. Identify all photographs, video tapes, ships plans, and/or blueprints of the vessels named in Plaintiffs complaint, which where made, drawn, taken and/or developed within the past 10 years, stating whether they were prepared in anticipation of litigation.
  *In responding to this interrogatory please use the definition of the word "identify" set forth in paragraph iv of the <u>Definitions</u> section of these interrogatories.*

12. List each occasion (during the time period commencing five years prior to the date of Plaintiffs alleged incident and extending through to the present), that the vessels named within Plaintiff's complaint was inspected and/or surveyed by any person <u>other than</u> the Defendant, the master or member of the crew of the vessel. Please include within your answer A) the date in which the vessel was inspected and/or surveyed and B) identify the person, surveyor or company who performed said inspection and/or survey.

13. If, with respect to the alleged incident or the Plaintiffs alleged injuries and damages, the Defendant claims that the Plaintiff was: A) contributorily negligent; B) failed to exercise reasonable care for his own safety; C) breached a duty of care owed to himself and/or others; or D) or failed to mitigate his damages, then please state the basis of each such claim.
  *In responding to this interrogatory please use the definition of the phrase "state the basis" set forth in paragraph vii of the <u>Definitions</u> section of these interrogatories.*

14. State the basis of the affirmative defense(s) raised in Defendant's Answer to Plaintiff's Complaint.
  *In responding to this interrogatory please use the definition of the phrase "state the basis" set forth in paragraph vii of the <u>Definitions</u> section of these interrogatories.*

15. Please identify each person who was a witness to the events immediately preceding, during, and/or immediately after the alleged incident.
  *In responding to this interrogatory please use the definition of the word "identify" set forth in paragraph iii of the <u>Definitions</u> section of these interrogatories.*

16. Please state the names, addresses, and expected testimony of each expert witness who the Defendant may call at trial, including in your answer:

5

    a.    The subject matter on which the expert is expected to testify;

    b.    The education, training and/or experience that qualifies said expert witness as an expert on the subject matter;

    c.    The specific opinions and/or facts to be expressed by the expert;

    d.    A complete summary of the grounds for each opinion to be expressed at trial;

    e.    Identify all documents relied upon by the expert in forming his or her opinions;

    f.    All facts relied upon by the expert when forming his opinions.

17. If the Defendant claims that it is entitled to limit its liability pursuant to 46 U.S.C. 183, please:

    a.    State the value of the vessel at the conclusion of the voyage upon which the alleged incident occurred;

    b.    State the value of the freight then pending on vessel at the conclusion of the voyage upon which the alleged incident occurred;

    c.    State the basis for the above valuations;

    d.    State the amount in which the hull of the vessel was insured in the hull insurance policy in effect at the time of the alleged incident.

*In responding to this interrogatory please use the definition of the phrase "state the basis" set forth in paragraph vii of the <u>Definitions</u> section of these interrogatories.*

18. Please describe all maintenance (other than routine maintenance procedures performed on the M/V EAGLE (each and every trip), repairs, alterations, modifications and or subsequent remedial measures performed on, or to, the vessel, her equipment and appurtenances, including but not limited to the door leading to wheelhouse, 01 deck supply/gear locker door on port side, door involved in Plaintiff's alleged incident during period of time beginning two (2) years prior to the alleged incident to present, including within your answer:

    a.    The date the maintenance, repair, alteration, modification, and/or subsequent remedial measure was performed;

    b.    The specific location on the vessel and/or the specific piece of equipment or

   appurtenance upon which the maintenance, repair, alteration, modification and or subsequent remedial measure was performed;

  c. The identity of the persons or companies, who performed said maintenance, repairs alterations, modifications and/or subsequent remedial measures.

  d. The nature of the work performed.

19. With respect to this civil action, please identify of all <u>natural persons</u> whom the Defendant claims are represented by Counsel for the Defendant.

20. Identify all protection and indemnity (P & I) policies, policies of insurance, excess insurance policies, re-insurance policies and/or indemnity agreements, under which any person may be liable to make payments or indemnify any other person, as a result of the claims asserted in the above captioned Civil Action, or as a result of Judgment entered in the above captioned Civil Action, stating for each:

  a. The type of policy or agreement;

  b. The dates in which the policy is or was in effect.

  c. The insurer;

  d. The insured;

  e. The limits of coverage;

  f. The amount (if any) as of the date the Defendant responds to these interrogatories by which the available policy limits have been reduced on account of payments for Maintenance & Cure, or cost incurred investigating and defending Plaintiff's claim.

21. From the date of the accident to present, identify all the individuals to present that performed any type of maintenance, repair or work on the door leading to wheelhouse, 01 deck supply/gear locker door on port side, door involved in Plaintiff's alleged incident

22. Please describe at the time of Plaintiff's alleged incident the latch and hook and/or securing mechanism, if any that was present on the on the door leading to wheelhouse, 01 deck supply/gear locker door on port side, and/or door involved in Plaintiff's alleged incident.

23. If the latch and hook and/or securing mechanism on the door leading to wheelhouse, 01deck supply/gear locker door on port side, and/or door involved in Plaintiff's alleged incident was either not working or not present on the door at the time of the alleged incident, please state how the long the latch, hook and/or securing mechanism were not working and/or present and if it was not present why it was removed.

24. Identify and all complaints, requests to repairs and/or fix the door leading to wheelhouse, 01 deck supply/gear locker door on port side, door involved in Plaintiff's alleged incident.

25. Please state whether at the time of the alleged incident on the door leading to wheelhouse, 01 deck supply/gear locker door on port side, door involved in Plaintiff's alleged incident whether a latch, hook and/or securing mechanism was required and/or supposed to be on the door.

STEPHEN WALSH
By his attorneys,

*David F Anderson*
David F. Anderson
BBO #560994
LATTI & ANDERSON LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

DATED: June 13,2 005

EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN WALSH, ) | |
|     Plaintiff ) | |
| ) | CIVIL ACTION |
| VS. ) | NO: 04-12595-RGS |
| ) | |
| WOODS HOLE, MARTHA'S ) | |
| VINEYARD & NANTUCKET ) | |
| STEAMSHIP AUTHORITY, ) | |
|     Defendant ) | |

PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT

Now comes the Plaintiff in the above-entitled action and pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that the Defendant produce the following items for inspection and copying at the offices of Latti & Anderson LLP 30-31 Union Wharf, Boston, MA 02109, within thirty days of receipt of this request.

I.    DEFINITIONS

For the purpose of this discovery request the following terms set forth in sub-paragraphs i-vii below, shall have the following meanings:

    i.    Communication.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

    ii.    Document. The term "document" is used in this request in its broadest sense under Fed.R.Civ.P. 34 and includes internal memoranda, correspondence, reports, statements, charts, graphs, lists, drafts, outlines, applications, summaries, and compilations, and also includes any record or compilation of information of any kind or description however made, produced or stored, whether by hand or by any electronic, photographic, magnetic, optical, mechanical, computer or other process or technology. Documents can take the form of any medium on which information can be stored, including without limitation computer memory, computer disk, back up computer tapes, film, paper, photographs, tape recordings, video tapes and video disks. A draft or non-identical copy is a separate document within the meaning of this term.

1

    iii.    <u>Parties</u>. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, it's officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. Too the extent that there is more than one Defendant party to this civil action, the term "Defendant" refers to the party responding to this request for production of documents.

    iv.    <u>Person</u>. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

    v.    <u>Concerning</u> The term "concerning" means referring to, describing, evidencing, or constituting.

    vi    <u>Vessel</u>. The term "vessel" shall mean the vessel described in paragraph _____ of Plaintiff's <u>Complaint</u>

    vii    <u>Alleged Incident</u>. The term "alleged incident" shall mean the incident alleged by the Plaintiff in paragraph _____ of Plaintiff's <u>Complaint</u>

## II.   <u>REQUIREMENT TO SUPPLEMENT DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS.</u>

To the extent required by Fed.R.Civ.P. 26(2) the Defendant is under a duty seasonably to amend a prior response to Plaintiff's Request for Production of Documents if the Defendant learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the Plaintiff during the discovery process or in writing.

## III.   <u>REQUESTED DOCUMENTS AND THINGS</u>

1.   <u>Log Entries and Accident Reports</u>
        All log entries, captain's reports, crew member reports, accident reports, injury reports, or any other communication, written report or statement concerning the alleged incident, and/or the Plaintiff's alleged injuries <u>other than</u> communications and reports made to the Defendant's, insurer, adjuster and/or attorneys.

2.   <u>Statements of the Defendant</u>
        All recorded communications, written reports and statements, which where written by, taken from, or given by the Defendant and/or any agents, servants or employees of the

Defendant, concerning the Plaintiff's alleged incident, <u>other than</u> communications made to the Defendant's insurers, adjusters or attorneys.

3.  <u>Statements of the Plaintiff</u>
    All statements, recorded communications, tape recordings, written statements (whether signed or unsigned) or memoranda of statements made by the Plaintiff to anyone concerning: 1) the alleged incident; 2) the Plaintiff's alleged injuries; and/or 3) the Plaintiff's alleged damages.

4.  <u>Witness Statements</u>
    All recorded communications, transcriptions of recorded communications written reports, statements, and memoranda of statements, which were written by, provided by or taken from, any witnesses to the alleged incident or by any persons having knowledge of the alleged incident.

5.  <u>Statements & Reports Made to a Government Agency</u>
    All reports and/or documents (including without limitation U.S.C.G. "First Report of Marine Accident Injury or Death") provided by any person to any government or government agency regarding the Plaintiff's alleged incident.

6.  <u>Government Reports</u>
    All reports and/or documents (including without limitation U.S.C.G. reports) prepared by any government or government agency regarding Plaintiff's alleged incident.

7.  <u>Ship's Logs</u>
    All ships logs, engineering logs, and/or captain's logs relating to the Defendant's vessel for the time period beginning thirty days prior to the date of the allege incident and extending thirty days after the date of the alleged incident.

8.  <u>Title to Vessel</u>
    All certificates of title, and/or abstracts of title concerning or relating to the vessel named in Plaintiff's complaint.

9.  <u>Repair/Alteration Records of Vessel</u>
    All documents (including without limitation, repair orders, work orders, invoices, receipts, bills, and captains' "to do" lists) concerning maintenance (other than routine maintenance procedures performed on the vessel each and every trip), repairs, alterations, modifications and or subsequent remedial measures performed on, or to, the vessel, her equipment and appurtenances, including but not limited to the door leading to wheelhouse, 01 deck supply/gear locker door on port side, door involved in the alleged incident during period of time beginning two (2) years prior to the alleged incident and extending one (1) year following the alleged incident.

10.     <u>Vessel Plans and Specifications</u>
All ships drawings, and general arrangement plans, blueprints and specifications concerning the vessel named in Plaintiff's Complaint.

11.     <u>Survey Reports</u>
All inspection and survey reports, (including recommendations and photographs) concerning an inspection of the vessel and/or survey performed on the vessel within the five (5) year period preceding the date of the alleged incident.

12.     <u>Surveyor's Notes</u>
All surveyors notes, checklists, memoranda, drawings, sketches, and/or other contemporaneous recordings of information by individuals performing an inspection and/or survey of the vessel during the time period beginning five (5) years prior to the date of the alleged incident and extending through the date of the trial.

13.     <u>Pre-Incident Photo's and Video of Vessel</u>
All photographs and video tapes depicting the Defendant's vessel that where taken during the five years prior to the date of the alleged incident.

14.     <u>Post-Incident Photo's and Video of Vessel</u>
All photographs and video tapes of the Defendant's vessel taken after the alleged incident up to the date of trial.

15.     <u>Fresh Photographs of Scene of Incident</u>
Any and all photographs of the location of the Plaintiff's alleged incident that where taken within thirty days of the alleged incident.

16.     <u>Survey Photographs</u>
All photographic prints or negatives depicting the Defendant's vessel, that where taken during the course of an inspection or survey performed during the time period beginning five (5) years prior to the date of the alleged incident and extending through the date of the trial.

17.     <u>Photographs of the Plaintiff</u>
All photographs depicting the Plaintiff.

18.     <u>Video of the Plaintiff</u>
All video tapes depicting of the Plaintiff.

19.     <u>Documents Obtained through Authorizations</u>
All documents obtained by the Defendant (including the Defendants agents, insurers, adjusters and attorneys) through the use of medical record authorizations, I.R.S. authorizations, employment record authorizations, or any other authorization signed by the Plaintiff and/or provided by the Plaintiff.

4

20. <u>Medicals relied upon for Maintenance & Cure Determination</u>
All medical records and or reports which the Defendant reviewed and/or relied as the basis it's determination of the Plaintiff's eligibility for maintenance and/or cure benefits.

21. <u>Maintenance Records</u>
All cancelled checks and/or accounting records concerning the payment by the Defendant of maintenance benefits to the Plaintiff.

22. <u>Cure Records</u>
All cancelled checks and/or accounting records concerning the payment by the Defendant of cure benefits to the Plaintiff or the Plaintiff's medical providers.

23. <u>X-rays & MRI's</u>
All X-ray films, MRI films and/or other diagnostic medical tests results, in the possession, custody or control of the Defendant, concerning, or relating in any way, to the alleged incident and/or to Plaintiff's alleged injuries and damages.

24. <u>Weather Documents</u>
All documents, reports and data compilations concerning the weather, sea state, or meteorological conditions in area of the Defendants vessel for the time period beginning one week prior to the date of the alleged incident until one week after the alleged incident.

25. <u>Vessel Communication Records</u>
All bills, records and/or documents of any type, concerning, or relating to, cellular telephone communications, ship to shore communications, and/or any other electronic communications, operated on the vessel, during the time period beginning two months prior to the date of the alleged incident and ending one month after the date of the alleged incident.

26. <u>Exhibits & Chalks</u>
All exhibits and chalks, the Defendant intends to introduce or use at trial.

27. <u>Documents Relied Upon for Defendant's Affirmative Defense(s)</u>
All documents that Defendant specifically relies upon as a basis of an affirmative defense.

28. <u>Expert Documents</u>
All documents identified by the Defendant in response to Plaintiff's interrogatory number 16.

29. <u>I.M.E. Documents</u>
All reports, memoranda, notes, measurements, x-rays, MRIs and/or diagnostic tests results, concerning the Plaintiff, which were written, produced, or performed by any health

5

care professional retained by the Defendant to examine the Plaintiff.

30. Expert Reports & Notes
All written reports, memoranda, drawings, measurements, and test results, concerning the alleged incident and/or the Plaintiff's alleged injuries & damages, which were prepared, written or produced by any expert witnesses the Defendant intends to call as a witness at trial.

31. Expert Resume
The resume and curriculum vitae of each expert witness that the Defendant intends to call at trial.

32. Documents Reviewed by Expert
All documents concerning Plaintiff's alleged incident and Plaintiff's alleged injuries and damages which have been reviewed by an expert witness which the Defendant intends to call as a witness at trial

33. Documents Relied upon by Expert
All documents that will be relied upon in forming the opinion of any expert the Defendant intends to call as a witness at trial.

34. Documents Evincing Facts Relied Upon by Expert
All documents concerning or evincing any fact which will be relied upon by any expert witness the Defendant intends to call at trial, when forming his opinion(s).

35. Agreements of Insurance
All insurance agreements, indemnity agreements, and protection and indemnity agreements (P&I policies), under which any person may be liable to satisfy part or all of a judgment which may be entered in the above captioned Civil Action.

36. Excess or Re-Insurance Agreements
All policies or agreements concerning re-insurance and/or excess insurance under which any person, may be liable to make payments or indemnify any other person, as a result of claims asserted in the above captioned Civil Action or as the result of a Judgment entered in the above captioned Civil Action.

37. Indemnity Agreements
All agreements and/or treaties under which any person may be liable to make payments or indemnify any person, as a result of claims asserted in the above captioned Civil Action, and/or a Judgment entered in the above captioned Civil Action.

38. Vessel Valuation Documents
If the Defendant claims that it is entitled to limit its liability pursuant to 46 U.S.C. 183, then please produce:

      a.    all hull insurance, and/or property damage insurance policies, providing insurance and/or indemnity for property damage to the Defendant Vessel, in effect at the time the Plaintiff's alleged incident;

      b.    all applications for hull insurance policies and/or property damage insurance policies, concerning the vessel, that where completed by the Defendant during the two years preceding the alleged incident.

      c.    all appraisals reports, and/or value surveys, concerning the vessel, prepared within the five years prior to the date of the Plaintiff's alleged incident up to the date of trial.

      d.    all applications for loans and/or financing agreements, for which the Defendant's vessel was offered as collateral to secure payment of said loan or finance agreement, which where prepared or submitted within the five years prior to the alleged incident up to the date of trial.

      e.    Any document the Defendant claims is evidence of the value of the vessel at the conclusion of the voyage.

39.    <u>Charter Agreements</u>

Any and all charter agreements or lease agreements relating the vessel named in Plaintiff's Complaint which was in effect at the time of the Plaintiff's alleged incident.

40.    Any and all documents regarding the door leading to wheelhouse, 01 deck supply/gear locker door on port side, door involved in the alleged incident.

41.    Any and all documents regarding the latch, hook and/or securing mechanism on the door leading to wheelhouse, 01 deck supply/gear locker door on port side, door involved in the alleged incident.

42.    Personnel file of Plaintiff.

43.    Any and all safety manuals for the M/V EAGLE at the time of the alleged incident to present.

44.    Any and all operation manuals for the M/V EAGLE at the time of the alleged incident to present.

                        STEPHEN WALSH
                        By his attorneys,

                        */s/ David F. Anderson*
                        David F. Anderson
                        BBO #560994
                        LATTI & ANDERSON LLP
                        30-31 Union Wharf
                        Boston, MA 02109
                        (617) 523-1000

DATED: June 13, 2005

EXHIBIT C

**From:** Kenneth Chiarello [kchiarello@clinmuzyka.com]
**Sent:** Friday, July 01, 2005 1:10 PM
**To:** clatti@lattianderson.com
**Cc:** danderson@lattianderson.com
**Subject:** STEPHEN WALSH vs. WOODS HOLE

Carolyn,

In reference to the above-matter, this is to confirm our conversation wherein you agreed to provide the defendant a 30-day extension to respond to plaintiff's Interrogatories and Requests for Production of Documents. Accordingly, the defendant's responses will be issued by or before August 14, 2005. Thank you for your cooperation and enjoy the Holiday weekend.

Kenneth M. Chiarello
Clinton & Muzyka, P.C.
One Washington Mall, Suite 1400
Boston, MA  02108
Tel: 617-723-9165
Fax: 617-720-3489
Email: kchiarello@clinmuzyka.com

*E-MAIL CONFIDENTIALITY NOTICE:* The contents of this e-mail message and any attachments are intended solely for the addressee(s) and may contain confidential and/or legally privileged information. If you are not the intended recipient of this message or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and any attachments. If you are not the intended recipient, you are notified that any use, dissemination, distribution, copying or storage of this message or any attachment is strictly prohibited and shall not compromise or waive such confidentiality, privilege or exemption from disclosure as to this communication.