UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEPHEN WALSH,
    Plaintiff,

CIVIL ACTION
NO: 04-12595-RGS

vs.

WOODS HOLE, MARTHA'S VINEYARD
AND NANTUCKET STEAMSHIP
AUTHORITY,
    Defendant.

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Now comes the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and submits its Opposition to plaintiff's Motion to Compel.

BACKGROUND

On January 13, 2005, the defendant served upon the plaintiff its Automatic Disclosure, Interrogatories, and Requests for Production of Documents.

On March 15, 2005, the defendant sent a letter to plaintiff's counsel requesting a "status of plaintiff's Answers to Interrogatories and Responses to Requests for Production of Documents, which were due last month." *See, correspondence from Clinton & Muzyka, P.C. to Latti & Anderson, LLP attached hereto as Exhibit "A."*

On May 9, 2005, the defendant sent plaintiff's counsel a proposed Joint Scheduling Statement in preparation for the May 17, 2005 Initial Scheduling Conference. The defendant requested therein that the plaintiff respond to its proposed Joint Scheduling Statement by the following day because it was required to be filed with the Court by May 10, 2005. The defendant attempted to contact plaintiff's counsel to discuss the proposed schedule, but plaintiff's counsel never responded. Accordingly, the defendant filed its Proposed Scheduling Statement on May 13, 2005.

On June 13, 2005, the plaintiff served upon the defendant his Automatic Disclosure, Interrogatories and Requests for Production of Documents.

On June 16, 2005, the defendant sent a facsimile to plaintiff's counsel requesting that his client respond to its Interrogatories and Requests for Production of Documents, which at that time were approximately four (4) months (4) months outstanding. The defendant also stated therein "we intend to file a Motion to Compel if responses are not received by or before June 24, 2005. We are providing you with advance notice of our intentions as a matter of professional courtesy." *See, correspondence*

*from Clinton & Muzyka, P.C. to Latti & Anderson, LLP attached hereto as Exhibit "B."*

On June 22, 2005, the defendant scheduled an Independent Medical Examination of the plaintiff for July 27, 2005 and provided written notification of the appointment to plaintiff's counsel. *See, correspondence from Clinton & Muzyka, P.C. to Latti & Anderson, LLP attached hereto as Exhibit "C."*

On July 1, 2005, the plaintiff granted the defendant an additional thirty (30) days to respond to his Interrogatories and Requests for Production of Documents. Accordingly, the defendant's responses were due on or before August 14, 2005.

On July 27, 2005, the plaintiff failed to appear for the scheduled Independent Medical Examination.

On August 3, 2005, the defendant filed its pending Motion to Compel Answers to Interrogatories and Responses to Requests for Production of Documents. Before filing this motion, the defendant attempted to contact plaintiff's counsel on numerous occasions to determine the status of its outstanding discovery, but never received a response.

On August 18, 2005, defense counsel contacted plaintiff's counsel to request a further extension of its

discovery responses because the senior partner handling this matter, Thomas J. Muzyka, was on vacation from August 11, 2005 through August 17, 2005. Plaintiff's counsel refused to grant the defendant a one week extension under the circumstances and instead filed a Motion to Compel. This is true despite the fact that the defendant, over the course of approximately six (6) months, provided plaintiff's counsel with every opportunity to avoid the filing of its pending Motion to Compel.

Nevertheless, the plaintiff still has not responded to the defendant's Interrogatories or Requests for Production of Documents.

ARGUMENT

The defendant submits that plaintiff's Motion to Compel should be denied because it responded to his Interrogatories and Requests for Production of Documents on August 30, 2005. Additionally, the plaintiff has not suffered from any prejudice as a result of the defendant filing its responses on August 30, 2005. This matter could have been avoided had plaintiff's counsel extended the same professional courtesy as defense counsel provided to him during the six (6) months that his client's discovery responses remained outstanding.

**WHEREFORE**, the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, prays that this Honorable Court deny plaintiff's Motion to Compel and further prays that the Court grant its Motion to Compel as the plaintiff still has not responded to its discovery.

                By its attorneys,

                **CLINTON & MUZYKA, P.C.**

                "/s/ Kenneth M. Chiarello"
                Thomas J. Muzyka
                BBO NO: 365540
                Kenneth M. Chiarello
                BBO NO: 639274
                One Washington Mall
                Suite 1400
                Boston, MA 02108
                (617) 723-9165

Dated: August 30, 2005

# EXHIBIT "A"

# CLINTON & MUZYKA, P.C.

ATTORNEYS AT LAW
ONE WASHINGTON MALL, SUITE 1400
BOSTON, MASSACHUSETTS 02108

THOMAS E. CLINTON
THOMAS J. MUZYKA
ROBERT E. COLLINS*
KENNETH M. CHIARELLO
TERENCE G. KENNEALLY

ARTHUR P. SKARMEAS**
Of Counsel

*Also admitted in RI
**Also admitted in NH

March 15, 2005

*VIA REGULAR MAIL*

TELEPHONE
(617) 723-9165
FACSIMILE
(617) 720-3489
E-MAIL:
c&m@clinmuzyka.com

Latti & Anderson, LLP
30-31 Union Wharf
Boston, MA  02109

Attention:    David Anderson, Esq.

Re: Stephen Walsh vs. Woods Hole,
    Martha's Vineyard, & Nantucket
    Steamship Authority
    Civil Action No: 04-12595-RGS

Dear Attorney Anderson:

In reference to the above-matter, please find enclosed herewith the following documents, which were produced as a result of the HIPPA Authorizations executed by your client:

1. Falmouth Hospital;
2. Bay Radiology Associates, Inc.;
3. Falmouth Sports Center;
4. Nantucket Cottage Hospital;
5. Cape Cod Sports Medicine; and;
6. Timothy Lepore, M.D.

We will provide you with any additional documents upon receipt. In the interim, please advise of the status of plaintiff's Answers to Interrogatories and Responses to Requests for Production of Documents, which were due last month.

Thank you for your cooperation.

Very truly yours,

*Kenneth Chiarello* (signature)

Kenneth M. Chiarello

Enclosures.

# EXHIBIT "B"

# CLINTON & MUZYKA, P.C.

ONE WASHINGTON MALL, SUITE 1400

BOSTON, MA 02108

617.723.9165 TEL

617.720.3489 FAX

KCHIARELLO@CLINMUZYKA.COM

---

# FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| David Anderson, Esq. | Kenneth M. Chiarello |
| **COMPANY:** | **DATE:** |
| Latti & Anderson, LLP | June 16, 2005 |
| **FAX NUMBER:** | **TOTAL NO. OF PAGES INCLUDING COVER:** |
| 617-523-7394 | 1 |
| **PHONE NUMBER:** | **SENDERS REFERENCE NO:** |
| 617-523-1000 | |

Re: **STEVEN WALSH vs. WOODS HOLE, MARTHA'S VINYEARD & NANTUCKET STEAMSHIP AUTHORITY**
<u>Civil Action No: 04-12595-RGS</u>

Dear Dave,

In reference to the above-matter, the defendant served its Requests for Production of Documents and Interrogatories on January 13, 2005. As of this writing, we have not received any responses or answers. Because approximately five (5) months has elapsed, we intend to file a Motion to Compel if responses are not received by or before June 24, 2005. We are providing you with advance notice of our intentions as a matter of professional courtesy.

If you would like to discuss this matter further, please do not hesitate to contact the undersigned. Thank you for your cooperation.

Very truly yours,

*Kenneth M. Chiarello*

```
TRANSMISSION REPORT
```

(THU) JUN 16 2005 17:07

```
Account Name    :                              DOCUMENT#    : 6337455-757
DESTINATION     : 16175237394                  TIME STORED  : JUN 16 17:06
DEST. NUMBER    : 16175237394                  TIME SENT    : JUN 16 17:07
                                               DURATION     : 14sec
F CODE          :                              MODE         : ECM

PAGES           : 1 sheets
RESULT          : OK
```

# CLINTON & MUZYKA, P.C.

ONE WASHINGTON MALL, SUITE 1400

BOSTON, MA 02108

617.723.9165 TEL

617.720.3489 FAX

KCHIARELLO@CLINMUZYKA.COM

## FACSIMILE TRANSMITTAL SHEET

| TO: David Anderson, Esq. | FROM: Kenneth M. Chiarello |
|---|---|
| COMPANY: Latti & Anderson, LLP | DATE: June 16, 2005 |
| FAX NUMBER: 617-523-7394 | TOTAL NO. OF PAGES INCLUDING COVER: 1 |
| PHONE NUMBER: 617-523-1000 | SENDERS REFERENCE NO: |

Re:  STEVEN WALSH vs. WOODS HOLE, MARTHA'S VINYEARD & NANTUCKET STEAMSHIP AUTHORITY
Civil Action No: 04-12595-RGS

Dear Dave,

In reference to the above-matter, the defendant served its Requests for Production of Documents and Interrogatories on January 13, 2005. As of this writing, we have not received any responses or answers. Because approximately five (5) months has elapsed, we intend to file a Motion to Compel if responses are not received by or before June 24, 2005. We are providing you with advance notice of our intentions as a matter of professional

# EXHIBIT "C"

# CLINTON & MUZYKA, P.C.

ATTORNEYS AT LAW

ONE WASHINGTON MALL, SUITE 1400

BOSTON, MASSACHUSETTS 02108

THOMAS E. CLINTON
THOMAS J. MUZYKA
ROBERT E. COLLINS*
KENNETH M. CHIARELLO
TERENCE G. KENNEALLY

ARTHUR P. SKARMEAS**
  Of Counsel

*Also admitted in RI
**Also admitted in NH

TELEPHONE
(617) 723-9165

FACSIMILE
(617) 720-3489

E-MAIL:
c&m@clinmuzyka.com

June 22, 2005

Latti & Anderson, LLP
30-31 Union Wharf
Boston, MA  02109

Attention:    David Anderson, Esq.

Re:  Stephen Walsh vs. Woods Hole,
     Martha's Vineyard, & Nantucket
     Steamship Authority
     Civil Action No: 04-12595-RGS

Dear Attorney Anderson:

We refer to the above matter and we wish to advise that we have scheduled an independent medical examination of Stephen Walsh at the office of Edward A. Nalebuff, M.D., Hand Surgical Associates, 125 Parker Hill Avenue, Boston, MA 02120 (617) 738-0857, for Wednesday, July 27, 2005 at 1:00 p.m.

Please note, any cancellation of this appointment must be given 48 hours in advance of the scheduled examination in order to avoid incurrence of unnecessary expenses by cancellation of an appointment.

Thank you for your cooperation and courtesy in this regard.

Very truly yours,

Kenneth M. Chiarello

KMC:cm