UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN WALSH )<br>    Plaintiff )<br>)<br>V. )<br>)<br>WOODS HOLE, MARTHA'S VINEYARD )<br>AND NANTUCKET STEAMSHIP )<br>AUTHORITY )<br>    Defendant )<br>) | Civil Action No. 04-12595-RGS |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE THE
PLAINTIFF FROM OFFERING ANY EVIDENCE CONCERNING THE NATURE AND
EXTENT OF HIS ALLEGED PERSONAL INJURIES

Now comes the Plaintiff in the above captioned matter, and respectfully requests that this Honorable Court Deny Defendant's Motion to Preclude the Plaintiff from Offering any Evidence Concerning the Nature and Extent of his Alleged Personal Injuries.

As grounds thereof, the Plaintiff affirmatively states that the Plaintiff missed the IMEs that are the subject of Defendant's motion because he was not notified of the exams due to a mistake by the undersigned, Plaintiff's counsel. Plaintiff's counsel has offered to pay for any cost incurred by the Defendant due to the cancellation and has agreed to submit the Plaintiff to an exam in the future. However, the Defendant has refused. The Defendant has failed to comply with Fed.R.Civ.P. 35(a) in scheduling the exam and has failed to comply with Local Rules 7.1 and 37.1 by filing a discovery motion without first contacting the opposing party in an effort to narrow or resolve the issues. Plaintiff further relies upon the below memorandum.

I.    FACTS

This is a Jones Act Seaman's case in which the Plaintiff alleges that, in 2001, his hand

was crushed in a bulkhead door because the latching holding the door open had fallen off. As a result of the injury, the Plaintiff broke a few bones and had a couple of surgeries to repair the laceration and in particular the nail bed. As a result of the injury, the Plaintiff missed two months of work and then returned to work for the Defendant where he has remained employed for the past several years. Simply stated, this is not a big case. It involves a 2 month closed end period of disability.

The Plaintiff's counsel has no record of either discussing or receiving notice of the July 27, 2005 exam and definitely did not notify the Plaintiff regarding this examination. Plaintiff's counsel did receive notice of the September 13, 2005, IME exam on Friday afternoon, August 26. Notwithstanding the assertions of the Defendant, this was the only notification of a September 13, 2005, IME exam. Soon thereafter, Plaintiff's counsel put a "sticky" on the faxed notice requesting that his secretary notify the Plaintiff of the exam. Unfortunately, during the week of August 29, Plaintiff's counsel's secretary missed work during the middle of the week due to medical problems and then left for vacation on Thursday, September 1. When she returned to work on September 12, she had not notified the Plaintiff of the September 13 exam. The mistake was not discovered until after the exam was missed. The Plaintiff's deposition was then taken on September 28. At no point prior to filing Defendant's present <u>Motion</u> did defense counsel raise the issue of the missed IME or attempt to reschedule it.

On November 8, 2005, Defendant filed its <u>Motion to Preclude</u>. Contrary to the requirements of Local Rules 7.1 and 37.1, at no point prior to filing the Motion did the Defendant contact the Plaintiff in order to narrow or resolve the issues raised in the motion. In response to the Motion, an attorney from Plaintiff's counsel's office, in the absence of the

undersigned, contacted defense counsel and offered to pay for the cancelled IME and to reschedule the exam. This offer was confirmed in writing. <u>Letter dated Nov. 16</u> (Attached as Ex. "A"). The Defendant refused.

II.     ARGUMENT

This is a personal injury case in which all damages are predicated upon the Plaintiff receiving a personal injury. By seeking to preclude the Plaintiff from offering any evidence regarding the nature or scope of his injuries, the Defendant is in effect seeking to have the case dismissed. As a threshold matter, it should be noted that a party is not entitled to a Rule 35 exam as a matter of right. Rather, pursuant to Fed.R.Civ.P. 35(a), a party seeking a physical examination must seek a Court Order specifying the "the time, place, manner, conditions, and scope of the examination…" The Plaintiff concedes that there is a practice within this district in which parties will agree informally to an IME in personal injury case without the requirements of a Court Order. However, it is also the practice within this district in which parties will informally agree to reschedule things when one party or the other makes a scheduling mistake.

Here, the Defendant seeks to take advantage of the practice within the district regarding informally scheduling IMEs, and yet made absolutely no attempt to informally resolve issues when a mistake is made. The Defendant cannot have it both ways. The Defendant said nothing about the missed IME before the Plaintiff's deposition, and either failed or tactically refused to postpone the Plaintiff's deposition until after a rescheduled IME. Instead, the Defendant chose to conduct the deposition and then play the role of the injured party later. The Defendant had presumably been aware for 2 weeks prior to the Plaintiff's deposition that the Plaintiff had missed the 2nd IME, but did nothing about it.

Now, the Defendant has essentially moved to dismiss the Plaintiff's case on the basis of failure to provide discovery where the Defendant failed to comply with Fed.R.Civ.P. 35 and was not entitled to an examination as a matter of right, and, more importantly, failed to act reasonably to protect its own position. The Defendant is solely responsible for the alleged predicament that it finds itself in. If the Defendant had really wanted an IME before the Plaintiff's deposition, it should have addressed the issue 2 months ago before it took the Plaintiff's deposition. Given the facts of the case – that this is a case involving a short term closed end period of disability – the Plaintiff believes that it is entirely possible that the Defendant does not really want an IME and just wants to try to end the Plaintiff's case on an administrative technicality.

In balancing the equities of this matter, the Plaintiff believes that the Defendant's motion overreaches. The Defendant at all times knew what it was doing. If asked, the Plaintiff would have rectified the situation back in September. The Plaintiff will still agree to reimburse the Defendant for its costs and to make the Plaintiff available for an IME.

WHEREFORE, the Plaintiff respectfully requests that the Defendant's motion to preclude be denied.

Respectfully submitted for the
the Plaintiff, Stephen Walsh,
by his attorney,

/s/ David F. Anderson
David F. Anderson, BBO 560994
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109

(617) 523-1000

Dated: November 30, 2005

CERTIFICATE OF ELECTRONIC SERVICE

       I hereby certify that on the above date, I electronically filed the above pleading with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to the following:

Thomas Muzyka
Kenneth M. Chiarello
Clinton & Muzyka, P.C.
One Washington Mall, Suite 1400
Boston, MA 02108

                                                  /s/ David F. Anderson
                                                  David F. Anderson

# LATTI & ANDERSON LLP

*Counsellors At Law and Proctors In Admiralty*

30-31 Union Wharf, Boston, Massachusetts 02109  (617) 523-1000
Portland, ME  (207) 874-6464
Facsimile  (617) 523-7394

DAVID F. ANDERSON**
CAROLYN M. LATTI*
DAVID J. BERG***

OF COUNSEL
MICHAEL B. LATTI

WITH OFFICES AT
46 Union Street, New Bedford, MA 02740  (508) 999-1029
35 Main Street, Gloucester, MA 01930  (978) 281-0605
*ALSO ADMITTED IN ME
**ALSO ADMITTED IN NH & ME
***ALSO ADMITTED IN NH, ME & NY

November 16, 2005



VIA FACSIMILE

Kenneth Chiarello, Esquire
Clinton & Muzyka
One Washington Mall, Suite 1400
Boston, MA 02108

Re:  Stephen Walsh v. Woods Hole, Martha's Vineyard and
     Nantucket Steamship Authority
     Civil Action No: 04-12595-RGS

Dear Mr. Chiarello:

I have spoken with David Anderson regarding your motion. He reiterates his offer to reimburse you for your out-of-pocket costs of $500.00 for the cancelled IMEs and to make Mr. Walsh available for an IME. Would you please confirm your position on this matter. We believe that Mr. Anderson's offer will cure any prejudice that you client has suffered.

We would like to see if this can be worked out in any way without the need of a decision being made by the Court.

I look forward to hearing your position on this matter.

Very truly yours,

LATTI & ANDERSON LLP

David J. Berg

DJB:dmt

```
                    ***********************
                    ***    TX REPORT    ***
                    ***********************

    TRANSMISSION OK

    TX/RX NO                  1594
    CONNECTION TEL                      16177203489
    SUBADDRESS
    CONNECTION ID             CLINTON & MUZYKA
    ST. TIME                  11/16 17:20
    USAGE T                   00'16
    PGS. SENT                 1
    RESULT                    OK
```

# LATTI & ANDERSON LLP

*Counsellors At Law and Proctors In Admiralty*

30-31 Union Wharf, Boston, Massachusetts 02109  (617) 523-1000
Portland, ME  (207) 874-6464
Facsimile  (617) 523-7394

DAVID F. ANDERSON**
CAROLYN M. LATTI*
DAVID J. BERG***

OF COUNSEL
MICHAEL B. LATTI

WITH OFFICES AT
46 Union Street, New Bedford, MA 02740  (508) 999-1029
35 Main Street, Gloucester, MA 01930  (978) 281-0605

*ALSO ADMITTED IN ME
**ALSO ADMITTED IN NH & ME
***ALSO ADMITTED IN NH, ME & NY

November 16, 2005

VIA FACSIMILE

Kenneth Chiarello, Esquire
Clinton & Muzyka
One Washington Mall, Suite 1400
Boston, MA 02108

Re: <u>Stephen Walsh v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority</u>
Civil Action No: 04-12595-RGS

Dear Mr. Chiarello:

I have spoken with David Anderson regarding your motion. He reiterates his offer to reimburse you for your out-of-pocket costs of $500.00 for the cancelled IMEs and to make Mr. Walsh available for an IME. Would you please confirm your position on this matter. We believe that Mr. Anderson's offer will cure any prejudice that you client has suffered.

We would like to see if this can be worked out in any way without the need of a decision being made by the Court.